AGARD & KAIAMA, LLC
KEONI K. AGARD         #2649
DEXTER K. KAIAMA       #4249
Harbor Tower at Harbor Square
700 Richards Street, Suite 805
Honolulu, Hawai'i  96813
Telephone: 545-2922

Attorneys for Plaintiffs
LINDA MOLINA, fka, LINDA PACHECO,
JOHN KW. ANIU, JR. and DAVELYN ANIU

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 11 2010

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

ORIGINAL

UNITED STATES DISTRICT COURT

for the

DISTRICT OF HAWAI'I

| | |
|---|---|
| LINDA MOLINA, fka LINDA PACHECO, JOHN K.W. ANIU, JR. and DAVELYN ANIU, | CIVIL NO. **CV10  00018 DAE BMK** |
| Plaintiffs, | **COMPLAINT; DEMAND FOR TRIAL BY JURY; SUMMONS** |
| vs. | |
| ONEWEST BANK, FSB; HOME LOAN CENTER, INC., DBA LENDINGTREE LOANS; INDYMAC BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1through 20, inclusive, | |
| Defendants. | |

## COMPLAINT

**Parties**

1.      Plaintiff LINDA MOLINA, fka LINDA PACHECO, at all relevant times herein,
resided in the town of Pahoa, County of Hawai'i, State of Hawaii.

2.      Plaintiffs JOHN K.W. ANIU, JR. and DAVELYN ANIU, husband and wife, were

at all relevant times herein, residents in the town of Pahoa, County of Hawai'i, State of Hawai'i.

3.     Upon information and belief Defendant ONEWEST BANK, FSB (hereinafter referred to as Defendant "OWB"), at all relevant times herein, was a corporation domiciled in the State of Texas and doing business in the State of Hawai'i.

4.     Upon information and belief Defendant HOME LOAN CENTER, INC., DBA LENDINGTREE LOANS (hereinafter referred to as Defendant "HLC"), at all relevant times herein, was a corporation domiciled in the State of California and doing business in the State of Hawai'i.

5.     Upon information and belief Defendant INDYMAC BANK, FSB (hereinafter referred to as Defendant "IMB"), at all relevant times herein, is a corporation doing business in the State of Hawai'i.

6.     Upon information and belief Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter referred to as Defendant "MERS"), at all relevant times herein, is a corporation doing business in the State of Hawai'i.

7.     DOE Defendants 1 through 20, inclusive, are various individuals, partnerships, associations, corporations, and other entities claiming any legal right, title, estate, lien or interest in the property, as described hereinbelow, adverse to the interests of Plaintiffs LINDA MOLINA, fka LINDA PACHECO, JOHN K.W. ANIU, JR. and DAVELYN ANIU (hereinafter collectively referred to as "PLAINTIFFS").  PLAINTIFFS will make a good faith effort to determine the true names and identities of these parties. PLAINTIFFS reserve the right to amend this Complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

**Jurisdiction and Venue**

8.     Jurisdiction arises under 15 U.S.C. 1601 et.seq., 15 U.S.C. 1602, 15 U.S.C. 1605, 15 U.S.C. 1635, 15 U.S.C. 1639, 15 U.S.C. 1640, Title 12, Regulation Z, Part 226 et.seq., Title 24 C.F.R., Regulation X, Part 3500.  This court also has authority to hear Federal Law and laws of the State of Hawai'i.

**General Background**

9.     This is an action to permanently enjoin Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS from foreclosing and conducting a foreclosure auction sale of certain real property designated as TMK (3) 1-5-066-028-0000, Doc. No. 2007-1511793, and

located at 15-337 North Puni Makai Loop, Pahoa, Hawai'i, 96778 (hereinafter "Property"). The purported Mortgage and Note for the Property and the actions taken by Defendants OWB, HLC, IMB, MERS and/or DOE Defendants named herein contain unfair trade practices and predatory lending practices.

10.     This action is also asserted as a defense to Defendants OWB's filing for non-judicial foreclosure auction sale of the Property pursuant to Hawai'i Revised Statutes, Chapter 667-5 through 667-10.

11.     PLAINTIFFS also seek recovery for statutory damages for failure to make required disclosures, including but not limited to non-disclosure of PLAINTIFFS' right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights, together with attorney fees and costs.

12.     On or about July 18, 2007, Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS purported to record a Mortgage and Note, with PLAINTIFFS designated as the Borrowers, with the Office of the Assistant Registrar in the County of Honolulu, State of Hawai'i, under purported loan number XXXXXX2269 (hereinafter referred to as "Mortgage and Note").

13.     Either before, during and/or after execution of said mortgage and note, completion of the transaction, closing of escrow and/or recording of said Mortgage and Note, Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS failed and/or refused to provide PLAINTIFFS with executed copies of important documents which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract, and disclosures required under the Federal Truth in Lending "TILA", the Real Estate Settlement Procedures Act "RESPA", the Equal Credit Opportunity Act "ECOA", the Gramm, Leach, Bliley Act "GLB" and the Fair and Accurate Credit Transactions Act "FACTA".

14.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to provide disclosures that would indicate to PLAINTIFFS that the contract entered into was void, illegal and/or otherwise in violation of Federal Law.

15.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to obtain the signatures and secure the dates at time of

signing of the Right to Cancel document and/or provide executed copies of said documents in violation of federal law.

16.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS were under a legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and to make sure that PLAINTIFFS received all documentation, before and after the purported consumer transaction.

17.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS negligently and/or intentionally eased its underwriting criteria and disregarded the minimal underwriting criteria it claimed to require.  By doing so, said Defendants increased the risk that PLAINTIFFS would lose the Subject Property.

18.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS intentionally and/or deliberately withheld information and/or made untrue or misleading representations regarding the costs of the mortgage loan for the Property.

19.     Defendants OWB, HLC,, IMB, MERS and/or DOE DEFENDANTS viewed PLAINTIFFS as nothing more than the means for producing more loans, originating loans with little or no regard to PLAINTIFFS' long-term ability to afford said loan and to sustain ownership.

20.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS negligently and/or intentionally withheld and/or failed to provide Initial Application forms to PLAINTIFFS. By doing so, said Defendants increased the risk that PLAINTIFFS would lose their home.

21.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS implemented this deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which PLAINTIFFS did not understand.

22.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS knowingly put PLAINTIFFS into a loan that they could not afford thereby violating federal and state prohibitions against predatory lending practices.

23.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS is not the holder of the Note and thus not the real party in interest herein, thereby entitling PLAINTIFFS to injunctive relief for any action taken against PLAINTIFFS and/or the subject Property by Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS.

24.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS has

accelerated all sums secured by the Mortgage and Note and seeks to sell the Property by way of Non-Judicial Foreclosure sale, pursuant to Hawai'i Revised Statutes Sec. 667-5 through 667-10. Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS are not in possession of the original Note and therefore said Defendants have no authority to enforce the provisions of the Mortgage and Note against PLAINTIFFS.

25.     PLAINTIFFS' defenses, claims and rights, including but not limited to, the right to recovery of damages, injunction and any other remedy available under State, Federal and/or common law, under the Mortgage and Note bars Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS from taking any action, including but not limited to non-judicial foreclosure sale, against PLAINTIFFS and the subject Property.

26.     Violations of federal and state statutes, alleged herein, bar Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS, from filing, causing to be filed and/or conducting foreclosure proceedings against PLAINTIFFS and the subject Property. PLAINTIFFS are entitled to an immediate injunction on any said foreclosure and/or subsequent ejectment proceedings.

## COUNT 1 – UNFAIR TRADE PRACTICES INVOLVING NON COMPLIANCE, UNDER 15 USC SECTIONS 1802, ET.SEQ.

27.     PLAINTIFFS reallege and incorporate paragraphs 1 through 26 of this Complaint as thought fully set out herein.

28.     Full disclosure of the Mortgage and Note and related documents were not given to PLAINTIFFS by Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS, at or after closing and/or completion of the Mortgage and Note transaction had taken place, and/or after PLAINTIFFS are purported to have signed the Mortgage and Note documents.

29.     The above-mentioned failure to disclose constitutes a false representation of the settlement agreement of said Mortgage and Note, in violation of Federal and State laws of the State of Hawai'i.

30.     The violations set forth hereinabove are either caused by and/or imputed to Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS.

31.     As a direct, proximate and foreseeable result of Defendants OWB, HLC, IMB,

MERS and/or DOE DEFENDANTS' actions, PLAINTIFFS are subjected to the potential and/or actual loss of property and loss of use of property and other damages.

### COUNT 2 – FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS IN VIOLATION OF 15 U.S.C. SEC.1601, ET.SEQ. AND TITLE 12, REGULATION Z PART 226 E.SEQ.

32.     PLAINTIFFS reallege and incorporate paragraphs 1 through 31 of this Complaint as thought fully set out herein.

33.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS failed to give the required notice in various loan documents and to have said documents signed by PLAINTIFFS, as required by 15 U.S.C. 1601 et.seq. and Title 12, Regulation Z, Part 226 et.seq.

34.     PLAINTIFFS are specifically in the class of persons this law was designed to protect.

35.     The violations set forth hereinabove are either caused by and/or imputed to Defendant OWB, HLC, IMB, MERS and/or DOE DEFENDANTS.

36.     As a direct, proximate and foreseeable result of Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS failure to provide proper notice, PLAINTIFFS are subject to the potential and/or actual loss of property and loss of use of property and other damages.

### COUNT 3 - FAILURE TO GIVE CONSPICUOUS WRITINGS IN VIOLATION OF 15 U.S.C SEC.1601, ET.SEQ. AND TITLE 12 OF FEDERAL REGULATIONS, SEC.226.18

37.     PLAINTIFFS reallege and incorporate paragraphs 1 through 36 of this Complaint as thought fully set out herein.

38.     By reason of the foregoing, Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS have failed to make the disclosures required by 15 U.S.C. 1601 et seq. and Title 2 Code of Federal Regulations, Sec.226.18.

39.     PLAINTIFFS are specifically in the class of persons this law was designed to protect.

40.     The violations set forth hereinabove are either caused by and/or imputed to Defendant OWB, HLC, IMB, MERS and/or DOE DEFENDANTS.

41.     As a direct, proximate and foreseeable result of Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS' failure to provide proper disclosure, PLAINTIFFS are subject to the potential and/or actual loss of property, loss of use of property and other damages.

## COUNT 4 - UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF CHAPTER 480, HAWAII REVISED STATUTES

42.     PLAINTIFFS reallege and incorporate paragraphs 1 through 41 of this Complaint as though fully set out herein.

43.     PLAINTIFFS are consumers within the meaning of Chapter 480, Hawaii Revised Statutes.

44.     PLAINTIFFS are specifically in the class of persons that this law was designed to protect.

45.     Actions and conduct of Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS' as it relates to PLAINTIFFS and the subject Property are deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under Sec.480-2, 480-13.

46.     As a direct, proximate and foreseeable result of Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS' actions, they are in violation of HRS 480-2 and in addition, HRS 480-13.

## COUNT 5 - INJUNCTIVE RELIEF

47.     PLAINTIFFS reallege and incorporate paragraphs 1 through 46 of this Complaint as though fully set out herein.

48.     PLAINTIFFS have been and will be seriously injured unless Defendants OWB'S non judicial foreclosure action and other related activities by Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS are preliminarily and permanently enjoined.  PLAINTIFFS will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.  PLAINTIFFS seek an injunction to enjoin Defendants OWB, HLC, IMB, MERS and any and all other Defendants from proceeding with the non-judicial foreclosure sale against PLAINTIFFS and the subject property.

## COUNT 6 – BREACH OF IMPLIED COVENANT OF GOOD FAITH DEALING

49.     PLAINTIFFS reallege and incorporate paragraphs 1 through 48 of this Complaint as though fully set out herein.

50.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS beached the above-described Mortgage and Note for reasons incompatible with good faith and fair dealing, as a proximate and foreseeable result of which PLAINTIFFS and each of them suffered damages. The breach of the Mortgage and Note was wholly unsupported by any arguable reasons, was willful, malicious, and in bad faith that it constitutes an independent tort, thus entitling PLAINTIFFS and each of them to recover punitive damages as well as actual damages.

## COUNT 7 – PROMISSORY ESTOPPEL

51.     PLAINTIFFS reallege and incorporate paragraphs 1 through 50 of this Complaint as though fully set out herein.

52.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS deliberately made promises or failed to make appropriate disclosures to PLAINTIFFS when they expected that PLAINTIFFS would rely on those promises and/or enter into obligations uninformed of necessary disclosures.  These promises and/or omissions were known by the Defendants to have created an expectation in PLAINTIFFS that PLAINTIFFS would comply with terms, conditions, stipulations and obligations under the Mortgage and Note.  PLAINTIFFS relied to their substantial detriment upon those promises and/or omissions.  Injustice can only be prevented enforcing the Defendants' promises and/or relieving PLAINTIFFS of their obligation under the Mortgage as a result of willful, reckless and abusive omissions on the part of Defendants.  The Defendants' beach of their promises, omissions and/or assurances proximately caused the damages previously described in this Complaint, said damages were foreseeable and the Defendants' conduct causing these damages was attended by such malice, insult and abuse that it constitutes an independent tort, thus entitling PLAINTIFFS to recover punitive damages as well as actual damages.

## COUNT 8 – EQUITABLE ESTOPPEL

53.     PLAINTIFFS reallege and incorporate paragraphs 1 through 52 of this Complaint as though fully set out herein.

54.     By virtue of their conduct, and in order to prevent injustices from occurring, the doctrine and/or principals of equitable estoppel applies and prevents Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS from asserting claims and defenses against PLAINTIFFS and/or from preventing PLAINTIFFS from asserting claims and defenses against said Defendants concerning the Mortgage and Note and/or Subject Property.

## COUNT 9 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.     PLAINTIFFS reallege and incorporate paragraphs 1 through 54 of this Complaint as though fully set out herein.

56.     Defendants OWB, HLC, IMB, MERS and/or DOE DEFENDANTS' willful conduct as previously described in this Complaint was known to said Defendants to be likely to produce emotional distress to PLAINTIFFS, and each of them, and it did in fact produce emotional distress in PLAINTIFFS. As a direct and proximate result of said Defendants' unlawful conduct PLAINTIFFS, and each of them, have suffered emotional distress and emotional damages in an amount to be proven at trial. The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles PLAINTIFFS, and each of them, to recover actual and punitive damages as previously described.

### PRAYER FOR RELIEF

a.     Award PLAINTIFFS statutory damages as will be proven at trial.

b.     Award PLAINTIFFS treble damages pursuant to applicable law in an amount to be proven at trial.

c.     Award PLAINTIFFS actual damages pursuant to applicable law in an amount to be proven at trial.

d.     Award PLAINTIFFS rescission of the loan for material nondisclosures, pursuant to applicable Federal and/or State Laws.

     e.      Award PLAINTIFFS injunctive relief, damages and costs and fees, and any other remedy as permitted under Federal, State and/or Common Law.

     f.      Award PLAINTIFFS an injunction to enjoin any foreclosure action against PLAINTIFFS and/or the subject property.

     g.      Award PLAINTIFFS punitive damages to the maximum extent allowed by law.

     h.      Award PLAINTIFFS costs and attorneys' fees, as permitted under applicable Federal and/or State Law.

     i.      Award PLAINTIFFS such other and further relief as the Court deems just and equitable.

     DATED:  Honolulu, Hawaii, January 11, 2010.

Dexter K. Kaiama
Keoni K. Agard
Attorneys for Plaintiffs